*CHRISTIAN, J.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of the county of Dinwiddie.
The action was ejectment brought by the defendants in error against the plaintiff in error for the recovery of a tract of land in the possession of the latter.
Upon the facts, there is no controversy, there being no conflict in the evidence.
The case presents a single question and that is a question of law.
That question is — Did Mrs. Elizabeth Stroud, under the will of her father Moses Crawford, and the deed executed by her husband John B. Stroud to James P. Bois-seau, trustee, acquire a separate estate which she had the power to dispose of by will. If a separate estate was conferred upon Mrs. Stroud, by the will and deed before mentioned, she had a right to dispose of the same by will, and the defendants in error had no title to the land in controversy, she having devised the same for the use of her husband, the plaintiff in error, who is in possession of the land. If, on the other hand, the estate she attempted to dispose of by will, was not her separate estate, then the land in controversy descended to her heirs at law,, the defendants in error, and they are entitled to recover possession of the same.
The two clauses of the will of Moses Crawford devising the lands in controversy are as follows:
. “1st. I lend the use of my land and plantation to my friend Sarah Cross, during her single life, and at her death or marriage, I give and bequeath unto my reputed natural son Norman Crawford, one hundred and nineteen acres of land, including the houses and plantation whereon I now live, to him and his. heirs; but provided he shall die without leaving a lawful heir ^begotten. of his body, then and in that case it is my will and desire that the said one hundred and nineteen acres of land shall revert to my reputed natural daughter Betsy Crawford, and her heirs forever. 2nd. I give and bequeath unto my said reputed daughter Betsy Crawford, sixty acres of land, to be taken off in a manner so as to be equitable to both parties; also, one feather bed and furniture, one cow. and four hogs, to her and her heirs forever.”
Betsy Crawford intermarried with John B. Stroud, and is the same person known in the record as Elizabeth Stroud. After their marriage, to-wit: on the 2d day of May, 186.5, the said John B. Stroud by a deed which recited that he was desirous of making provision for his wife, the said Elizabeth Stroud, conveyed to James P. Boisseau in trust for the benefit of said wife, the following real estate: “A tract of land containing sixty acres, adjoining the land of Norman Crawford and others; one other tract containing 119 acres on which Norman Crawford resides and in which saij Crawford has a life estate.” This deed was signed by John B. Stroud, the grantor, and James P. Bois-seau,. the trustee. Mrs. Stroud did not unite in this deed.
The question is. what title or interest was conveyed by the grantor to the trustee for the use of Mrs. Stroud. Plainly this deed conveyed to the trustee only the interest, no more, and no less, which the grantor had acquired in the real estate conveyed. What was that interest?
Now under the will of Moses Crawford Mrs. Stroud (Betsy Crawford) took a fee simple estate in the sixty acres of land devised to her, and also took an estate in remainder in the 119 acres devised to Norman Crawford and in the event he died without issue to the said Betsy Crawford, now Mrs. Stroud. At the time of *the execution of the deed by John Stroud, Norman Crawford was living and in .possession of the 119 acres, in which Mrs. Stroud had an estate in remainder only. In that tract of land John Stroud, the husband, had no interest by virtue of his marital rights at the time of the execution of the deed, for Norman Crawford was then living. So that as to the 119 acres it is plain that John Stroud, the husband, having no interest in or title to the same, conveyed nothing by his deed. Now what interest did he convey in the sixty acre tract? In that tract Mrs. Stroud took a fee simple title as devisee under the will of Crawford.
There being no issue of the marriage the husband took an estate in this land for life *428 during the joint lives of himself and wife. The death of the wife or the death of the husband ended this estate. It was therefore clearly only the husband’s life estate for the joint lives of husband and wife which Stroud conveyed to the trustee for the use of Mrs. Stroud.
In other words, Stroud having no interest whatever in the one hundred and nineteen acres of land conveyed none to the trustee; and having only a life estate during their joint lives in the sixty acre tract his deed conveyed that life interest to the trustee and nothing more. Mr. Stroud survived his wife who died without issue and never had issue leaving a will in these words:
“In the name of God, Amen: I, Elizabeth Stroud, of the county of Dinwiddie. and state of. Virginia, do make, publish, and declare this to be my last will and testament, with the entire, consent of my husband, John B. Stroud, viz: Item 1st. I give to my two friends.' Thos. G. Haddon and J. F. Haddon, the whole of my estate, (of which I may die possessed), of every description, real, personal and mixed, in trust for the only support and maintenance of may husband, John B.Stroud.
Item 2nd. It is my will and desire, that *the hereby conveyed interest is not to be liable in any manner whatever for any debt my husband may owe or hereafter contract. Item 3d. I give my trustees full power to make any change in the property hereby conveyed they may think for the best. Item 4th. At the death of my husband, Jno. B. Stroud, I give him power to dispose of the property to whom he may think proper.”
At the time of the execution of this will Mrs. Stroud was a married woman and under disabilities of coverture, and could not of course dispose of any property by will, except such as was her separate estate. She had no separate estate in the lands in controversy, unless it was conferred upon her by the deed executed by her husband to Boisseau, trustee, for her benefit. Under this deed as already held in the one tract of land (119 acres) he had no interest whatever to convey, and in the other but a life estate during their joint lives. The will of Mrs. Stroud therefore conferred no title to this property upon her husband, and all his interest and estate in the same having terminated at the death of his wife, the lands descended to her heirs at law, who are the defendants in error here.
We are of opinion therefore the instructions given by the circuit court correctly expound the law, and the verdict of the jury is in accordance with the facts proved. We deem it necessary in maintenance of the views herein expressed to refer only to the case of Garland v. Pamphlin & als., very recently decided by this court and reported in the February number of the Daw Journal, February, 1880, (32 Gratt. 305), and the authorities there cited in the opinion of Judge Burks.
The court is therefore of opinion that there is no error in the judgment of the circuit court of Dinwiddie and that the same be affirmed.
Judgment affirmed.